UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x   INDEX NO. 06-CV-15298
DARLY BRUTUS,

                                                                                           **COMPLAINT**

                                      Plaintiff,

                                                                      **DEMAND FOR JURY TRIAL**

   -against-


SILVERSEAL CORPORATION,
MR. PRESTIA and TEJADA,

                                      Defendants.
-----------------------------------------------------------------x

      Plaintiff, DARLY BRUTUS, by his attorney, Chidi Eze Esq., complaining of the defendants named herein, upon information and belief, alleges as follows:

## NATURE OF ACTION

1.    This is an action at law to redress discriminatory and retaliatory terms, conditions and privileges of employment on the basis of Race and National Origin in violation of the Civil Rights Act of 1866, as amended, 42 U.S.C.§ 1981 et seq., Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e et seq. 1983 [and § 1985]; the New York State Executive Law (Human Rights Law) §296; the Administrative Code of the City of New York, §§8-107.1(a) et seq. This action is also brought under New York State Common Law Assault & Battery and Negligent Hiring, Training and Retention.

2.    Plaintiff seeks compensation and other legal and equitable reliefs pursuant to the above-stated laws.

## JURISDICTION AND VENUE

3. Jurisdiction is specifically conferred on the United States District Court by the aforementioned Statutes and by 28 U.S.C. § 1331. The Court has supplemental/pendant jurisdiction over Plaintiff's State law claims.

4. The events, parties, transactions and injuries that form the basis of Plaintiff's Federal claims are identical to the events, parties, transactions and injuries that form the basis of Plaintiff's claims under New York State and City laws.

5. The unlawful employment practices alleged in this complaint were committed in the Southern District of New York, and venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c).

## PARTIES

6. During all times relevant and material to this case, Plaintiff, a Black male of Haitian origin, who resided and still resides in Brooklyn, City and State of New York, was and still employed by the Silverseal Corporation (hereinafter "The Company"), as a security officer since June of 2002.

7. During all times relevant and material to this case, Silverseal Corporation (the Company) was an organization, engaged in the business of providing corporate security to other companies and was authorized to do business in the State of New York and was so doing at 731 Lexington Avenue, New York, New York, where plaintiff was employed.

8. During all times relevant and material to this case, Defendant Prestia was the Site Director for the company's location of 731 Lexington Avenue, New York, New York.

9. During all times relevant and material to this case, Defendant Tejada was the site

       manager for the company's location of 731 Lexington Avenue, New York, New York.

10.     At all times relevant and material to this case, the company was responsible for the actions of the individual defendants hereinafter set forth under the Common Law principal-agent/*respondeat superior* rule.

11.     At all times relevant and material to this case the company was an employer of over 25 employees.

## FULFILLMENT OF ADMINISTRATIVE PREREQUISITES

12.     Plaintiff timely filed charge of discrimination against the Defendants with the U.S. Equal Employment Opportunity Commission "EEOC" within three hundred days of the last act of discrimination complained of herein in accordance with the requirements of the Civil Rights Act of 1964. Plaintiff's EEOC Charge Number is 16F-2005-00011.

13.     Plaintiff received DISMISSAL AND NOTICE OF RIGHTS (a/k/a Notice of Right to Sue), dated September 29, 2006 and this action is brought within ninety days of receipt of said Notice of Right to Sue, true and accurate copy of which is attached hereto as Exhibit "A".

14.     Before the institution of this action, Plaintiff served a copy of this complaint on the City Corporation Counsel's Office as well as on the New York Commission on Human Rights in accordance with the requirements of the Administrative Code of the City of New York § 8-502 (c).

## FACTS COMMON TO ALL CAUSES OF ACTION

15. Plaintiff's time, attendance and work performances were excellent throughout the entire period of his employment with the company. Plaintiff was never subjected to a justifiable disciplinary action or reprimand throughout his employment with the company, and he was a very competent and professional performer.

16. Plaintiff was relentlessly harassed, intimidated and discriminated against by the defendants and subjected to hostile work environment, and adverse employment practices because of his race and National origin.

17. Few months after plaintiff was hired, the company advertised for two assistant managers' position, for which plaintiff applied. And although plaintiff was very qualified for the job, two White individual who were less qualified than plaintiff were hired instead for the jobs. When plaintiff complained about this discrepancy, he company promised to look into the matter, but never got back to plaintiff regarding the matter to this day.

18. After that, the company continued to hire less qualified non-Black individuals into managerial positions and continued to by-pass plaintiff for promotion notwithstanding that he was very qualified for same. At other times, the company would hire into a managerial position without advertising position and without making the vacancy known to plaintiff, for fear that he would apply for the positions.

19. Security officer Ed Infante, a non-Black, who was hired after plaintiff, was promoted to a managerial position four months after he was hired by the company, notwithstanding that plaintiff was more qualified for the position than him.

20. After several complaints to the company yielded no change, plaintiff took his complaint

to the New York state Human Rights Division and/or the EEOC in 2004. Upon complaining outside the company, plaintiff became subjected to severe hostile work environment in retaliation for complaining outside the company; plaintiff was constantly written-up for conduct that would otherwise attract no action if done by other employees; plaintiff's vacation pay was cut-off; plaintiff was warned for doing something that would otherwise have attracted no response.

21. When plaintiff accidentally misplaced his official Nextel Radio as a result of being being locked in a room after Tejada abandoned him during a patrol of the site, he was suspended for one day without pay as a result, however, at least one other employee misplaced his Nextel Radio without repercussions from the company.

22. On that occasion, in or about September of 2005, plaintiff was accidentally locked in a static room when patrolling the site with site manager Tejada, who neglected plaintiff's pleas to be freed from the jammed room because he was on the telephone attending to personal matters; plaintiff called out to Tejada and tried to reach him on telephone to no avail. Plaintiff reported this matter to the company but no action was taken against Tejada, instead plaintiff got a reprimand. Although plaintiff was very traumatized by the incident, the company did not investigate the matter, notwithstanding complaints from plaintiff.

23. Defendant Tejada continued to deny plaintiff the opportunity to work in the control room however, he allowed similarly situated Hispanic employees, lees qualified than plaintiff, to work in the control room.

24. The company continued to assign plaintiff to a standing assignment with a choice of

roving or standing, however, similarly situated Non-Black employees got rotated between standing and seating assignments.

25. The company repeatedly monitored when plaintiff clocked in and out of the premises, but ignored similarly situated non-Black employees in that regard.

26. Site Director Prestia repeatedly harassed, shouted and threatened plaintiff for conducts that would otherwise have attracted no reaction if done by similarly situated non-Black employee. Plaintiff repeated complained about Prestia's conduct to the company, and in particular, to David Eisenhauer, to no avail.

27. On another occasion, in the year 2006, after plaintiff requested and received a radio from him, defendant Tejada, for no apparent reason emptied a cup of water on plaintiff, causing to be completely wet from head to toe. There were four other employees who witnessed the incident. A fourth individual came into the room after the fact, and he noticed that plaintiff's clothes were drenched in water. Once again, plaintiff's complain to the company regarding the incident fell on deaf ears, with no action taken against Tejada. David Eisenhauer later claimed that he conducted an investigation into the matter but found that no assault and battery had taken place. Plaintiff reported the assault and battery to the police.

28. The conduct of defendants created a hostile work environment for Plaintiff, degraded, ridiculed and exposed him to physical and emotion harm. Plaintiff had on several occasions protested the defendants' treatment of him, but the company took no actions to intervene, or ameliorate the situation.

29. Plaintiff was and is still very traumatized by his treatment at the hands of the

defendants. He suffered and is continuing to suffer great financial, emotional and mental distress as a result of the actions that gave rise to this lawsuit.

30. The conduct of defendants created a hostile work environment for Plaintiff, degraded, ridiculed and exposed him to physical and emotion harm. Plaintiff had on several occasions protested the individual defendants' conduct to the Management of the company, who repeatedly took no action to intervene.

31. Despite reasonable efforts, plaintiff has been unable to find a comparable employment, and has remained employed with the company notwithstanding the discriminatory and hostile work environment to which he is subjected everyday of the week.

## AS FOR A FIRST CAUSE OF ACTION

32. Plaintiff repeats and re-alleges paragraphs 1 through 31 as if each paragraph is repeated verbatim herein.

33. In light of the foregoing therefore, the defendants subjected Plaintiff to a discriminatory treatment on account of his race and/or National Origin, in violation of the Civil Rights Act of 1866, as amended 42 U.S.C. Section 1981.

## AND AS FOR A SECOND CAUSE OF ACTION

34. Plaintiff repeats and re-alleges paragraphs 1 through 33 as if each paragraph is repeated verbatim herein.

35. Defendants subjected Plaintiff to a hostile work environment on account of his race and/or National Origin, in violation of the Civil Rights Act of 1866, as amended 42

U.S.C. Section 1981

### AND AS FOR A THIRD CAUSE OF ACTION

36. Plaintiff repeats and re-alleges paragraphs 1 through 35 as if each paragraph is repeated verbatim herein.

37. Defendants subjected Plaintiff to a discriminatory treatment on account of his race and/or National Origin, in violation of the Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e et seq.

### AND AS FOR A FOURTH CAUSE OF ACTION

38. Plaintiff repeats and re-alleges paragraphs 1 through 37 as if each paragraph is repeated verbatim herein.

39. Defendants subjected Plaintiff to a hostile work environment on account of his race and/or National Origin, in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e et seq.

### AND AS FOR A FIFTH CAUSE OF ACTION

40. Plaintiff repeats and re-alleges paragraphs 1 through 39 as if each paragraph is repeated verbatim herein.

41. The defendants retaliated against Plaintiff for complaining about discriminatory employment practices, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

## AND AS FOR A SIXTH CAUSE OF ACTION

42. Plaintiff repeats and re-alleges paragraphs 1 through 41 as if each paragraph is repeated verbatim herein.

43. The defendants subjected Plaintiff to a discriminatory treatment on account of his race and/or National Origin, in violation of the New York State Executive Law (Human Rights Law) §296.

## AND AS FOR A SEVENTH CAUSE OF ACTION

44. Plaintiff repeats and re-alleges paragraphs 1 through 43 as if each paragraph is repeated verbatim herein.

45. The defendants retaliated against Plaintiff for complaining about discriminatory employment practices, in violation of New York State Executive Law (Human Rights Law) §296.

## AND AS FOR AN EIGHTH CAUSE OF ACTION

46. Plaintiff repeats and re-alleges paragraphs 1 through 45 as if each paragraph is repeated verbatim herein.

47. The defendants subjected Plaintiff to a hostile work environment on account of his race and/or National Origin, in violation of New York State Executive Law (Human Rights Law) §296.

## AND AS FOR A NINTH CAUSE OF ACTION

48. Plaintiff repeats and re-alleges paragraphs 1 through 47 as if each paragraph is repeated

verbatim herein.

49. The defendants subjected plaintiff to a hostile work environment on account of his race and/or National Origin, in violation of the Administrative Code of the City of New York, §§8-107.1(a) et seq.

### AND AS FOR A TENTH CAUSE OF ACTION

50. Plaintiff repeats and re-alleges paragraphs 1 through 50 as if each paragraph is repeated verbatim herein.

51. The defendants subjected Plaintiff to a discriminatory treatment on account of his race and/or National Origin, in violation of the Administrative Code of the City of New York, §§8-107.1(a) et seq.

### AND AS FOR AN ELEVENTH CAUSE OF ACTION

52. Plaintiff repeats and re-alleges paragraphs 1 through 51 as if each paragraph is repeated verbatim herein.

53. The defendants retaliated against Plaintiff for complaining about discriminatory employment practices, in violation of the Administrative Code of the City of New York, §§8-107.1(a) et seq.

### AND AS FOR A TWELFTH CAUSE OF ACTION

54. Plaintiff repeats and re-alleges paragraphs 1 through 53 as if each paragraph is repeated verbatim herein.

55.   The defendant Tejada assaulted and battered plaintiff without justification, in violation of the New York State Common Law and Constitution.

**WHEREFORE,** Plaintiff prays the Court for judgment as follows:

1.   **Under § 1981 of the Civil Rights Act of 1866, Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law, and the New York City Administrative Law, against all Defendants:**

   i.   for an Order granting Plaintiff back pay, front pay, pay differential, reimbursement for fringe benefits, bonuses and other appropriate relief to redress the discriminatory practices complained of herein, in the amount to be proved at trial and in accordance with proof;

   ii   ordering Defendants to pay Plaintiff $500,000.00 (five hundred thousand Dollars) as compensatory damages for hostile work environment, pain and suffering, and for the humiliation, emotional distress and mental anguish inflicted upon plaintiffs as a result of the discrimination.

   iii   in light of the foregoing, awarding Plaintiff punitive damages against the defendants in the amount of $5,000,000.00 (Five Million Dollars).

   iv   awarding attorney's fees, costs and disbursements of this action;

   v   awarding such other relief as the Court may deem just and proper under the circumstance.

  **2.**  **Under Common Law Assault & Battery against Tejada only:**

Awarding Plaintiff such damages as may be proved at trial, including for emotional trauma and punitive damages as well as costs and disbursements of this action.

Dated: Brooklyn, New York
   December 14, 2006

          CHIDI EZE & ASSOCIATES
          Attorneys for Plaintiff

          By: _____
           Chidi Eze, Esq. (CE 4333)
           255 Livingston Street, 4th Floor
           Brooklyn, NY 11217
           Tel: (718) 643-8800
           **Fax: (7**18) 643 8814